Banda v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-281-CR

     REFUGIO CISNEROS BANDA, AKA FRANK LAMAN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court at Law No. 2
McLennan County, Texas
Trial Court # 921502 CR2
                                                                                                    

O P I N I O N
                                                                                                    

      Refugio Banda appeals his conviction for driving while intoxicated.


 He was found guilty by
a jury, and the court assessed punishment at six months in jail and a $100 fine.
      Banda contends on appeal that the court erred in refusing his special requested charge on
probable cause to arrest. At the close of the evidence, Banda objected and asked the Court to
submit the following proposed instruction on probable cause:
You are instructed that when a person is stopped by a police officer that he is under
arrest. You are further instructed that there must be probable cause for this stopping and
arrest. Unless there is probable cause, the arrest is illegal. Under the laws of this State,
no evidence gained in violation of any law may be used against a person in his trial.
By the term "probable cause," as used herein, is meant that there is information from
a reasonably reliable source that would convince a cautious and prudent person that a
crime has been committed or is about to be committed.
Now, therefore, bearing in mind the foregoing instruction, if you find from the
evidence beyound [sic] a reasonable doubt that Refugio C. Banda was stopped by a
Hewitt Police Officer for suspicion of driving while intoxicated and you further find that
there was probable cause for this arrest, then you may consider the evidence obtained as
a result of this arrest. But if you do not so find beyound a reasonable doubt, or if you
have a reasonable doubt that there was probable cause for the stopping of Refugio C.
Banda, then you will wholly disregard all evidence gained as a result of this arrest and
not consider it an [sic] any evidence whatsoever.

The court denied Banda's requested instruction.
      First, we note that whether the officer had probable cause to stop the vehicle was
irrelevant—he did not need probable cause to do so; rather, he needed only a reasonable suspicion
based upon articulable facts.


 Next, we address whether Banda's request sufficiently directed the
court's attention to the lack of an instruction on reasonable suspicion to stop. 
      Article 36.15 of the Texas Code of Criminal Procedure provides:
Before the court reads his charge to the jury, counsel on both sides shall have a
reasonable time to present written instructions and ask that they be given to the jury. The
requirement that the instructions be in writing is complied with if the instructions are
dictated to the court reporter in the presence of the court and the state's counsel, before
the reading of the court's charge to the jury.




      Banda's requested instruction was clearly incorrect because it misstated the law.


 His request,
although improper, was sufficient, however, to apprise the court of his objection to the omission
of an instruction for the jury to disregard any unlawfully obtained evidence.



      The State argues that, because the record did not raise a fact issue on unlawfully obtained
evidence, the court properly denied the special requested charge.


 Officer Steven Zahirniak
testified that he stopped the car Banda was driving because it had an obstructed license plate. 
Banda acknowledged that Zahirniak informed him that the reason for the stop was an obstructed
license plate. Furthermore, Banda never controverted Zahirniak's claim that the license plate was
obstructed. Because the officer's testimony supporting the basis for the stop was never
controverted, Banda has failed to raise a fact issue regarding the legality of the stop.


 
Accordingly, we overrule Banda's single point of error.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed May 5, 1993
Do not publish